CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 28 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NATHANIEL LEE DAVIS, ) | |
| ) | |
| Petitioner, ) | Case No. 7:10-cv-571 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Respondent. ) | |

Nathaniel Lee Davis filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent filed a motion to dismiss, to which Davis responded, making the matter ripe for resolution. Upon review of the record, the court finds that the motion to dismiss must be granted.

**Factual and Procedural Background**

As has previously been stated by this court, Davis' petition arises out of the following events: In early 2006, Davis faced several criminal charges in the Circuit Court of Roanoke City. On August 21, 2006, he was found guilty of felony eluding. On April 6, 2006, however, a federal grand jury had returned an indictment charging Davis with a federal crime, and federal court proceedings were interspersed with the state court proceedings between April 6, 2006 and February 27, 2007. Davis remained incarcerated in Roanoke City Jail during this period.

On February 27, 2007, the state court sentenced Davis to a term of one year, with the sentence to run consecutive to all other sentences. According to Davis, the state court judge orally informed him that he would not have to serve any more time on his state court sentence, given the time he had already spent in Roanoke City Jail. Davis did not appeal this sentence.

On April 26, 2007, the federal court sentenced Davis to 96 months' incarceration and

remanded him to federal prison. He later received a sentence reduction under 18 U.S.C. § 3582(c), which decreased his federal sentence to 80 months' incarceration. United States v. Davis, No. 7:06-cr-00029 (W.D. Va. April 1, 2008).

On October 7, 2007, Davis' attorney wrote Davis, explaining that the Virginia Department of Corrections ("VDOC") was not crediting against his state sentence the time that Davis spent in jail pending the resolution of the federal charges. (Docket No. 10-1 at 13.)

Two and a half years later, on April 12, 2010, Davis filed a federal habeas petition in this court. The court dismissed his petition without prejudice, given that Davis had failed to exhaust his remedies in state court. Accordingly, Davis filed a petition for habeas corpus in the Supreme Court of Virginia. That Court dismissed the petition as untimely, citing Va. Code § 8.01-654(A)(2). Davis v. Commonwealth of Virginia, No. 101380 (Va. Sept. 22, 2010).

Thereafter, Davis filed the present petition, claiming that VDOC has improperly failed to credit the time he served in Roanoke City Jail against his state sentence. In a letter attached to his present petition, Davis explains that the fact that he currently has an outstanding state detainer against him has made him ineligible to participate in certain beneficial work programs offered by the Bureau of Prisons.

Attached to its motion to dismiss, the respondent has submitted documents suggesting that Davis was released to a federal detainer on April 10, 2006 and received credit against his federal sentence for the period of time he subsequently spent in Roanoke City Jail. Thus, one reason cited by VDOC for its refusal to credit this period of incarceration against his state sentence is that Davis was in federal—not state—custody after April 10, 2006, and that Davis is not entitled to state credit for time served on his federal charge. See Docket No. 10-1 at 13;

Docket No. 10-2 at 2; Davis, No. 7:06-cr-00029 (W.D. Va. April 6, 2006).

## Discussion

Because the petitioner is proceeding pro se, his pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to "allege anything that remotely suggests a factual basis for the claim." Weller v. Department of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Moreover, "judges are not . . . required to construct a [pro se] party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993). Likewise, the court is not required to "attempt[] to divine the point" the litigant seeks to make about the specific facet of the criminal proceedings that he challenges. Id. Where the petitioner's motion, when viewed against the record, does not state a claim for relief, it should be dismissed. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

At the outset, to the extent that Davis seeks relief "pursuant to Virginia Code § 53.1-187" (Pet. at 1), his claims are proper only in state court. Federal habeas relief may be granted only if Davis demonstrates that his custody is in violation of federal—not merely state—law. See 28 U.S.C. § 2254(a). Accordingly, federal courts may not weigh in on matters of state law unless they implicate federal rights. Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992). See also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010); Warren v. Baskerville, 233 F.3d 204, 207 (4th Cir. 2000). Moreover, Davis' reliance upon United States v. Wilson, 503 U.S. 329 (1992) is misplaced. Davis is claiming that state authorities—not federal authorities—have improperly failed to credit him with applicable jail

credit, whereas Wilson speaks only to the Bureau of Prisons' responsibility to credit federal prisoners with time previously served in state custody. Id. at 332-333

Even assuming that Davis is raising a federal claim with respect to the calculation of his state sentence, however, his petition must still be dismissed. Davis has indeed exhausted his state remedies on this issue. See 28 U.S.C. § 2254(b), (c); Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (a claim may be treated as exhausted if it is clear that it would be procedurally barred under state law if raised before the state court). Nevertheless, this court is barred from reviewing the merits of his claims because Davis has procedurally defaulted them by failing to raise them before the Virginia Supreme Court in a timely manner. "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). A federal habeas court may not, in other words, review a petitioner's claims when a state court has declined to review them on the merits "pursuant to an independent and adequate state procedural rule" unless the prisoner can demonstrate either cause for the default and resulting prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Whether a particular state procedure is independent and adequate is a question of federal, not state, law. See Johnson v. Mississippi, 486 U.S. 578, 587 (1988). "A state rule is adequate if it is firmly established and regularly or consistently applied by the state court, and independent if it does not depend on a federal constitutional ruling." Brown v. Lee, 319 F.3d 162, 169 (4th Cir. 2003) (citations omitted). The Supreme Court of Virginia dismissed Davis' state habeas on the ground that it did not comply with Virginia Code § 8.01-654(A)(2). There is

4

no question that § 8.01-654(A)(2) is firmly established in Virginia law or that it is independent of a federal constitutional ruling. Nor does Davis argue that § 8.01-654(A)(2) has been applied in an inconsistent manner. See Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1999). Because the Virginia Supreme Court relied on an independent and adequate state-law ground in dismissing his petition, Davis' claims are procedurally defaulted on federal habeas. See Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999); Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E. D. Va. 2006).

Unfortunately for Davis, he has not demonstrated cause and prejudice adequate to overcome the procedural default of his remaining claims. Hedrick v. True, 443 F.3d 342, 366 (4th Cir. 2006). Indeed, "a petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search." Rose v. Lee, 252 F.3d 676, 687 (4th Cir. 2001). There is no question that Davis knew of VDOC's decision in mid-2007, more than two years before he began challenging it in court.

Nor does Davis' self-professed ignorance of the applicable statute of limitations excuse his failure to abide by it. As the United States Supreme Court has explained, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that 'some interference by officials' . . . made compliance impracticable, would constitute cause under this standard." Id. Consequently, "[a]s between the State and the petitioner, it is the petitioner who must bear the burden of a failure to follow state procedural rules" in state post-conviction

proceedings. Coleman, 501 U.S. at 754. Davis therefore cannot excuse his default merely by admitting that he did not know the applicable law. See, e.g., Barnhart v. Kyler, 318 F. Supp. 2d 250, 260 (M.D. Pa. 2004) (petitioner's misinterpretation of state appellate procedure did not establish cause for default).

Nor has Davis made any showing that the procedural default of his claims would result in a fundamental miscarriage of justice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998). Accordingly, his petition must be dismissed. Coleman, 501 U.S. at 750; Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

Finally, this court is also barred from reviewing Davis' current petition because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs Davis' § 2254 petition, imposes a one-year statute of limitations upon applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2244(d)(1). Relevant to this action, the limitation period begins to run from the date on which the judgment became final or the date on which the factual predicate of Davis' claim could have been discovered through the exercise of due diligence, whichever is later. Id. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Here, Davis knew in October of 2007 that VDOC had determined not to credit his jail-time against his state sentence. (Docket No. 10-1 at 13.) Despite this knowledge, he did not challenge VDOC's decision until he filed a petition in this court on April 12, 2010. The April 12 petition was his "first and only" attempt to collaterally attack his state sentence. See United

States v. Davis, No. 7:10-cv-00159 (W.D. Va. April 14, 2010). Even assuming that each day subsequent to that petition is excluded from the limitations period, his petition is still more than two years too late. See 28 U.S.C. § 2244(d). Given the lack of "some extraordinary circumstance" that stood in the way of a diligent pursuit of Davis' rights, there is no indication that principles of equitable tolling should apply in this case. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Accordingly, Davis' petition must be dismissed.

## Conclusion

For these reasons, the respondent's motion to dismiss will be granted.

The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or of this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Id. Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and to counsel of record for the respondent.

ENTER: This 23rd day of March, 2011.

/s/ Glen Conrad
Chief United States District Judge